IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| AT&T CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>JACKSON UTILITIES, LLC,<br><br>Defendant. | CV-15-39-BU-BMM-JCL<br><br>ORDER |

Plaintiff AT&T Corporation instituted this action claiming Defendant Jackson Utilities, LLC, ("Jackson") is liable for damaging a utility cable of AT&T's on August 1, 2013, while performing excavation work. The matter is presently before the Court on Jackson's motion seeking to preclude AT&T from eliciting opinion testimony from Mr. Shane Linse – an individual disclosed as a non-retained expert under Federal Rule of Civil Procedure 26(a)(2)(C).

Linse is the owner of Fiberline, Inc., a preferred contractor for AT&T with "pre-established, contractual rates for certain excavation activities." (Doc. 31, at 4). Linse was present at the excavation site the day after the underlying incident to assist AT&T with necessary repairs. Numerous other individuals were also present including representatives of Jackson.

On May 6, 2016, AT&T disclosed the identity of Linse as a non-retained expert from whom it intended to elicit opinion testimony. In its disclosure, AT&T set forth the subject matter upon which Linse as well as a detailed summary of the facts to which he would be expected to testify. Specifically, the disclosure stated that he would express his opinion that the damage to the underground utility cable was caused by the negligence of Jackson in failing to: (1) properly notify all owners of underground facilities located in the area of the proposed excavation; (2) properly determine the accuracy of the marks made to locate the underground utility cable due to potential deterioration from time and weather; (3) failing to have the underground utility cable relocated and marked prior to beginning excavation; and (4) failing to carefully and prudently upgrade the mechanized equipment used to accomplish the excavation.

Jackson argues that given the nature of Linse's anticipated opinion testimony, he should be considered a retained expert witness that was required to prepare a formal written report in accordance with Rule 26(a)(2)(B). Because AT&T's disclosure of Linse was not accompanied by a formal written report from Linse, Jackson asserts that preclusion of Linse's opinion testimony is the appropriate sanction under Rule 37(c)(1).

It is important to note that AT&T's disclosure of Linse did comply with

Rule 26(a)(2)(C) by setting forth a summary of the facts and opinions to which Linse is expected to testify, and Jackson does not contend otherwise. AT&T counters that Linse was neither retained nor specially employed with the meaning of Rule 26(a)(2)(B) to provide expert testimony in this case. According to AT&T, Linse was one of numerous individuals at the excavation site on August 2, 2013, assessing what had occurred. Consequently, AT&T takes the position that Linse is properly characterized as a percipient witness regarding conditions at the excavation site, who also possesses the expertise to render opinions as to the proper steps to be taken before engaging in an excavation project.

AT&T suggests that the opinions to which Linse will testify were formed at the same time he was gathering facts through his observations at the site. But in forming his opinions, Linse did in fact rely on the deposition testimony of other individuals who were at the site as well as photographs that were taken by other individuals.

Rule 37(c)(1) provides, in pertinent part:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

As Jackson accurately points out, this rule is "a 'self-executing,' 'automatic'

sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citation omitted). And "[t]he federal courts strictly enforce the expert disclosure requirements in Rule 26(a)(2)(B), and have the discretion to impose sanctions for an untimely or an inadequate expert disclosure including the exclusion of expert witness testimony." *Wilderness Development, LLC v. Hash*, 2009 WL 564224, ¶ 3 (D. Mont. 2009) (citation omitted). But even assuming that Linse, given his affiliation with AT&T, is properly considered to be a retained expert falling within the purview of Rule 26(a)(2)(b), Jackson bears the burden of proving that AT&T's failure to provide a formal written report from Linse was "substantially justified or is harmless." Fed. R. Civ. P. 37(c); *Goodman*, 644 F.3d at 826. Jackson has failed to sustain that burden.

As noted, believing that Linse is not properly characterized as a retained expert falling within the purview of Rule 26(a)(2)(b), AT&T provided a timely Rule 26(a)(2)(C) disclosure that identified Linse's area of expertise and set forth a summary of the facts and opinions to which he is expected to testify. Nevertheless, Jackson argues it is entitled to the more formal disclosure which would required Linse to set forth the facts and data he considered in forming his opinions, an explanation of the basis for those opinions, identification of any

publications he has authored, and identification of any prior deposition or trial testimony he has given.

The Court's Rule 16 scheduling order entered on November 5, 2015, provided that objections to the timeliness or sufficiency of a Rule 26(a)(2)(B) report must be filed in the form of a motion within 14 days of the expert witness disclosure deadline or the objection will be deemed waived. (Doc. 17, at 5). Jackson timely filed its objection to AT&T's disclosure of Linse via the present motion. But it fails to recognize the purpose of this objection provision of the scheduling order.

The Court requires timely objections to the sufficiency of expert reports to afford the Court the opportunity to determine whether a more elaborate report should be required, and thus avoid the harsh sanction of witness exclusion. This is particularly so when the insufficiency in any potential prejudice to an opposing party alleviated.

The terms "retained" or "specially employed" are not defined in the current version of Rule 26(a)(2), nor in the former version of that rule. But the terms should be read to encompass a wide range of compensation arrangements or reward, and not be limited to the more traditional payment of a fee at an hourly rate. *See Smith v. State Farm Fire and Cas. Co.*, 164 F.R.D. 49, 56 (S.D. W. Va.

1995).  Moreover, as explained by the Advisory Committee Notes to Rule 26(a)(2)(B), a court is vested with discretion to order the written report waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702.  This discretion should be exercised to achieve the goal of fairness underlying Rule 26(a)(4).

AT&T's characterization of Linse as a non-retained expert witness is plausible. But given his ongoing affiliation with AT&T, and the fact that he does not base his expected opinion testimony solely on the observations he made at the excavation site, fairness dictates that Linse be required to file a written report that satisfies the prescriptions of Rule 26(a)(2)(B).

Therefore, IT IS ORDERED that Defendant Jackson Utilities, LLC's motion is GRANTED to the extent that on or before June 27, 2016, Plaintiff AT&T shall supplement its Rule 26(a)(2) disclosure of Mr. Linse with a Rule 26(a)(2)(B) written report prepared and signed by Linse.

DATED this 14th day of June, 2016.

_____
Jeremiah C. Lynch
United States Magistrate Judge